**CHOCTAW LUMBER CO. et al. v. WALDOCK.**

No. 597.

Circuit Court of Appeals, Tenth Circuit.
April 11, 1933.

Charles V. Garnett, of Kansas City, Mo. (W. F. Lilleston, of Wichita, Kan., and I. N. Watson, Henry N. Ess, and Watson, Ess, Groner, Barnett & Whittaker, all of Kansas City, Mo., on the brief), for appellants.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

On January 8, 1912, the plaintiff filed his bill of complaint, alleging that he was the owner of certain contracts under which he had the right to cut timber for a limited period on certain allotted Indian lands; that the defendants wrongfully asserted adverse claims to the timber rights on such lands and had and were trespassing thereon. The prayer of the bill was (a) that the deeds and contracts under which the defendants asserted title to the lands in controversy should be surrendered and canceled; (b) that an accounting be taken of the timber cut and converted by the defendants, and (c) that the defendants be perpetually enjoined from continuing their alleged acts of trespass on the lands in question. The answer put in issue the allegations of the bill.

On August 21, 1912, the cause was referred to a master by consent of the parties, and he was directed to hear and decide the issues, and report his findings of fact and conclusions of law, together with his recommendations for a decree, to the trial court. In 1914, the master filed an elaborate report, in which he made findings as to each of the tracts involved. He found that there was no evidence as to any conversion of timber by the defendants prior to the date of the filing of the petition; testimony offered as to timber cut thereafter was excluded on the ground that it was not within the issues, no supplemental bill having been filed. The master specifically found that the trial before him concerned the status of title, and the right to damages, as of January 8, 1912. As of that date, therefore, he found the rights of the plaintiff and the defendants as to the various tracts involved. As to certain tracts, he found the plaintiff had rights which were prior and superior to the rights of the defendants. He declined, however, to cancel any of the titles or contracts of the defendants to these tracts, finding only that the rights of the defendants were junior and inferior to those of the plaintiff. With his report, he recommended a decree, specifically finding the status of the title as to each tract involved as of January 8, 1912.

Both parties filed exceptions to the findings and conclusions and recommendations of the master. These exceptions came on to be heard before the trial court in June, 1923; the exceptions were denied, and an order entered "that the said report be, and the same is hereby in all things confirmed." No formal decree, however, was entered.

On July 15, 1929, the plaintiff filed a motion by which he prayed that a decree be entered nunc pro tunc, "upon the master's report made and filed herein." In support of such motion, plaintiff recited that the report had been in all respects confirmed and that the recommended decree "might have been well adopted by the court as a decree of the court." Thereupon, and on October 4, 1929, that motion was sustained and the trial court entered a decree nunc pro tunc. It is apparent from a consideration of the decree, that the trial court endeavored to enter a decree in accord with the recommendations of the master.

From that decree, the defendants appeal. While certain objections are made to the entry of any decree, the principal error assigned is that the trial court, in 1929, adjudicated titles as of 1923, without evidence as to change in the titles between 1912 and 1923. We have some doubt whether the decree as entered by the trial court does in fact do more than to enter a decree in accordance with the facts found by the master. All of the exceptions to the master's report having been denied, a decree predicated upon the facts found by the master is a matter of course. Furthermore, there is no evidence upon which to base a decree in conflict with the master's report.

While we are not persuaded that the nunc pro tunc decree is in necessary conflict with the master's report or his recommendations for a decree, if ambiguity exists it should be cleared up. This can be done by striking out the eighth and ninth paragraphs of the decree and substituting therefor the following:

The rights and titles of the parties are hereby adjudged and determined as of January 8, 1912, and as specifically set forth in paragraph four of the Master's recommended decree (amended transcript of record, page 21), which is hereby expressly referred to and by reference incorporated herein; and plaintiff's prayer for cancellation of instruments in the hands of defendant is hereby denied.

The decree is so modified, and as modified, is affirmed.